

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-64,722-04

### EX PARTE CHARLES JOSHUA RAINES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 11768-C IN THE 21ST DISTRICT COURT FROM BURLESON COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault and was placed on deferred adjudication community supervision. His guilt was adjudicated a few years later, and he was sentenced to fifteen years' imprisonment.

Applicant gave a *pro se* notice of appeal immediately upon the entry of the judgment adjudicating his guilt. The appellate court attempted to inform appointed appellate counsel that Applicant's general notice of appeal did not invoke the court's jurisdiction under Texas Rule of Appellate Procedure 25.2 and ordered appellate counsel to submit a letter identifying the issues to

be raised on appeal and explaining how the court had jurisdiction over those issues. Appellate counsel did not respond, and the appellate court determined that the record did not demonstrate an issue relating to the trial court's jurisdiction. As such, the appellate court dismissed the appeal for want of jurisdiction.

Applicant contends, among other things, that he was denied his right to appellate counsel and therefore his right to an appeal. Applicant attaches a letter that he recently received from appellate counsel in support of his claim. In it, appellate counsel states that he never received notice of his appointment to Applicant's case and that the relevant appellate documents do not contain his correct address. Based on the record, we find that Applicant was denied the right to appeal through no fault of his own but because of a breakdown in the system.

Relief is granted. *Ex parte Riley*, 193 S.W3d 900 (Tex. Crim. App. 2006). Applicant may file an out-of-time appeal of his conviction in cause number 11768 from the 21st District Court of Burleson County. Within ten days from the date of this Court's mandate, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate. Applicant's remaining claims attacking the merits of the conviction are dismissed. *Ex Parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: November 1, 2023
Do not publish